Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5001 | **DATE** | 5/6/2004 |
| **CASE TITLE** | Yates vs. Cook County Dept of Public Health | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Status hearing held and continued to 09/28/04 at 9:00 a.m. All discovery is to be noticed in time to be completed by 07/20/4. Dispositive motions with supporting memoranda are to be filed by 08/20/04. Responses to the dispositive motions if any, are to be filed by 09/03/04 and replies, if any, are to be filed by 09/10/04. For the reasons stated in the attached Memorandum Opinion, the defendant's motion to dismiss amended complaint is granted in part and denied in part and defendant's motion for a more definite statement is denied as moot. Therefore, plaintiff's Title VII discrimination and retaliation claims remain.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 7 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Copies of Memorandum Opinion distributed in open Court. | U.S. DISTRICT COURT | JXM docketing deputy initials | 61 |
| | Mail AO 450 form. | 2004 MAY -7 AM 8:19 | | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | FILED | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLORIA YATES,
        Plaintiff,

v.        No. 02 C 5001

COOK COUNTY DEPARTMENT
OF PUBLIC HEALTH,
        Defendant.

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Cook County's ("County") motion to dismiss. For the reasons stated below we grant the motion to dismiss in part.

## BACKGROUND

Plaintiff Gloria Yate's ("Yates") first amended complaint is a convoluted jumble of miscellaneous facts and legal jargon. However, since Yates is proceeding *pro se* at this juncture, we are required to liberally construe her complaint and we shall attempt to coordinate the alleged facts as best we can. It appears that Yates worked for the County of Cook. Yates, who is African-American, alleges that on March 13, 2001, David Block ("Block"), a white male, was appointed to a newly

1

created Interim STD Program Manager/Supervisor position and that Yates was required to report to Block, but her white co-workers were not required to report to Block. Yates also alleges that the County failed to properly post the job opening for the position filled by Block and that Block had only been employed by the County for one month when he was elevated to the supervisory position. Yates claims that she was denied an opportunity to apply for the supervisory position. (AC 19). Yates claims that between March 13, 2001 and March 15, 2002 Dr. Stephanie Smith harassed Yates by breaking Yates' chair, and taking documents, memos, and mail from Yates' work area. (AC 16). Yates complained about the alleged improper posting for the supervisory position filled by Block and Yates alleges that on December 18, 2001 Mark Kilgallon, Cook County Chief of Human Resources Bureaus, informed Yates by letter that the County had not broken any rules concerning job postings in regards to the supervisory position. Yates alleges that she was charged with insubordination. (AC 39). She claims that at her pre-disciplinary hearing on February 15, 2002, she was told that she had to discuss the information that she had relating to Equal Employment Opportunity Commission ("EEOC") charges that she filed. (AC 36). Yates claims that she refused to discuss the matter and she was discharged at her March 15, 2002 disciplinary hearing. Yates alleges that she was discriminated against because of her race. We note that Yates filed a brief entitled "Motion to Strick [sic] the Defendants [sic] Motion to Dismiss and/or in the Alternative Provide [sic] a More Definite Statemen [sic]." Although entitled as a motion, the brief is essentially Yates' response to some of the arguments made

by the County in its motion to dismiss. Since Yates is acting *pro se* we shall consider her brief as part of her answer to the County's motion to dismiss. Yates did also file a brief entitled "Plaintiff's Reply in Response to the Defendant's Motion to Dismiss and/or in the Alternative Provide [sic] a More Definite Statement." To the extent that Yates seeks to strike the County's motion to dismiss in her "Motion to Strick [sic] the Defendants [sic] Motion to Dismiss and/or in the Alternative Provide [sic] a More Definite Statemen [sic]" Yates' motion is denied.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir.

2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. Complaints written by *pro se* plaintiffs are to be liberally construed. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

## DISCUSSION

### I. Timeliness of Complaint

On August 12, 2003 Judge Darrah, the prior judge in this case granted Yates' leave to file *pro se* a first amended complaint. The case was subsequently transferred to this court and on August 21, 2003, we gave Yates until August 26, 2003 to file an amended complaint. Yates did not file her complaint until August 28, 2004. The County asks us to bar Yates from filing an amended complaint due to the missed deadline. Although we are inclined to agree that Yates should have filed within the deadline, at this juncture it would be more efficient to proceed upon the amended complaint. Although the County filed a motion to dismiss in regards to the original complaint, Judge Darrah denied the motion as moot without prejudice on November 27, 2002. Therefore, were we to deny Yates the opportunity to file an amended complaint we would still need to address the original complaint. In order to move these proceedings along we find that the most efficient route at this juncture is to proceed upon the first amended complaint. To the extent that the County seeks

4

to dismiss all of Yates' claims and this case because she attempted to file her amended complaint two days late, we cannot agree and the law does not support such a harsh result.

## II. Color and National Origin Claims

The County first moves to dismiss claims of discrimination based upon color and national origin. We agree with the County that Yates does not include any allegations pertaining to national origin discrimination. Therefore, we dismiss any national origin discrimination claims. However, in giving Yates' complaint the liberal reading required under the notice pleading standard and required due to her *pro se* status, we cannot find that she fails to allege claims of discrimination based upon her color. Therefore, we deny the motion to dismiss the color discrimination claims. We are not making any determination regarding the merits of Yates' color claims, but are only finding that she has stated allegation sufficient to state a claim.

## III. Title VII Claims

A plaintiff seeking to file a claim alleging a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, in Illinois is required to file with the EEOC a charge of discrimination within 300 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1); *Koelsch v. Beltone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995). Yates filed her charge of discrimination on March 1, 2002. Therefore, to the extent that Yates' Title VII claim relies upon the promotion of

5

Block on March 13, her claim is time-barred. Therefore, Yates cannot base her suit on the allegations concerning the promotion of Block. Yates also alleges discrimination between March 13, 2001 and March 15, 2002 by Dr. Stephanie Smith and to the extent that the alleged misconduct occurred within the 300 day limit her Title VII claim is not barred. In addition, Yates alleges that she was falsely charged with insubordination and was terminated apparently in retaliation for complaining about the Block promotion. These allegations are also within the 300 day limit.

Yates argues that the limitations period should be equitably tolled. However, she provides no information to support her contention other than that sometime after March 13, 2001, Dr. Stephanie Smith "misled" her and on March 15, 2002, Karen Lewandowski "misled her". We are not convinced, based upon such allegations that the limitations period should be tolled. Also, in regards to the alleged deception by Karen Lewandowski, the allegations are irrelevant because by March 15, 2002, the limitations period had ended.

## IV. Section 1983 Claims

Yates' first amended complaint names the Cook County Department of Public Health and Cook County as defendants. The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for violations of 42 U.S.C. § 1983 ("Section 1983"). *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or

6

custom." *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). A local governmental unit's unconstitutional policy, practice or custom can be: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a "custom or usage" with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004). Yates has failed to make any allegations that would indicate that the alleged mistreatment against her was part of a custom, policy, or practice of the County. Therefore, to the extent that she alleges any Section 1983 claims, they are dismissed.

## V. Section 1981 Claims

For a Section 1981 claim a plaintiff is required to "show that the violation of h[er] 'right to make contracts' protected by § 1981 was caused by a custom or policy within the meaning of Monell and subsequent cases." *Looper v. Mainenance Serv., Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999). Yates has failed to make allegations that would indicate that the alleged misconduct was part of a custom or policy of the County. Therefore, we dismiss any Section 1981 claims alleged by Yates.

## CONCLUSION

Based on the foregoing analysis we grant the motion to dismiss all

7

national origin discrimination claims and deny the motion to dismiss color discrimination claims. We also grant the motion to dismiss to the extent that Yates alleges any Section 1983 claims and Section 1981 claims. We also grant the motion to dismiss to the extent that Yates' Title VII claim relies on alleged misconduct occurring more than 300 days prior to the filing of her charge of discrimination. All other pending motions are denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 6, 2004