Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5001 | **DATE** | 12/8/2004 |
| **CASE TITLE** | Yates vs. Cook County Dept of Public Health | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    For the reasons stated in the attached memorandum opinion, defendant's motion for summary judgment is granted. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion Distributed in Court | | | 75 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MW6 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GLORIA YATES, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 5001 |
| ) | |
| COOK COUNTY DEPARTMENT ) | |
| OF PUBLIC HEALTH, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
DEC 9 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Cook County Department of Public Health's ("County") motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.

## BACKGROUND

Plaintiff Gloria Yates' ("Yates") first amended complaint is a convoluted jumble of miscellaneous facts and legal jargon. However, since Yates is proceeding *pro se* at this juncture, we are required to liberally construe her complaint and we shall attempt to decipher the alleged facts as best we can. Yates alleges that she is an African-American who worked for the County of Cook. Yates alleges that on March 13, 2001, David Block ("Block"), a white male, was appointed to a newly

1



created Interim STD Program Manager/Supervisor position and that Yates was required to report to Block, but her white co-workers were not required to report to Block. Yates also alleges that the County failed to properly post the job opening for the position filled by Block and that Block had only been employed by the County for one month when he was elevated to the supervisory position. Yates claims that she was denied an opportunity to apply for the supervisory position. (AC 19). Yates claims that between March 13, 2001, and March 15, 2002, Dr. Stephanie Smith harassed Yates by breaking Yates' chair, and taking documents, memos, and mail from Yates' work area. (AC 16). Yates complained about the alleged improper posting for the supervisory position filled by Block and Yates alleges that on December 18, 2001, Mark Kilgallon, Cook County Chief of Human Resources Bureau, informed Yates by letter that the County had not broken any rules concerning job postings in regards to the supervisory position. Yates further alleges that she was charged with insubordination. (AC 39). She claims that at her pre-disciplinary hearing on February 15, 2002, she was told that she had to discuss the information that she had relating to Equal Employment Opportunity Commission ("EEOC") charges that she filed. (AC 36). Yates claims that she refused to discuss the matter and she was discharged at her March 15, 2002, disciplinary hearing.

Yates brought the instant action alleging that she was discriminated against because of her race. On May 6, 2004, we granted the County's motion to dismiss in part. We granted the motion to dismiss all national origin discrimination claims and denied the motion to dismiss color discrimination claims. We also granted the

motion to dismiss to the extent that Yates alleged any claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1981 ("Section 1981") and we granted the motion to dismiss to the extent that Yates' Title VII claim relied on alleged misconduct occurring more than 300 days prior to the filing of her charge of discrimination. The County has moved for summary judgment on the remaining Title VII claim.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for

3

summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. Title VII Race Discrimination Claim Based on Suspension

The County argues that it is entitled to summary judgment on the remaining Title VII claim because Yates cannot successfully proceed under the direct or indirect method of proof. If an employer in a Title VII discrimination case brings a motion for summary judgment, the plaintiff can proceed under the direct or indirect method of proof in order to defeat the motion. *Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998).

#### A. Direct Method of Proof

4

Under the direct method of proof, the plaintiff can show through direct or circumstantial evidence that the alleged harmful action of the employer was "motivated by an impermissible purpose, such as her race or national origin." *Id.* However, a plaintiff cannot proceed under the direct method by merely pointing to evidence that allows for an inference of discrimination. *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1397 (7th Cir. 1997). Rather, a plaintiff is required under the direct method to point to "enough evidence, whether direct or, more commonly . . . circumstantial, to create a triable issue of whether the adverse employment action of which he complains had a discriminatory motivation--whether he was fired, or denied a promotion, or not hired, or paid less, because of the racial or other protected group to which he belongs." *Id.*; *See also Oest v. Illinois Dept. of Corrections*, 240 F.3d 605, 612 (7th Cir. 2001)(stating that evidence to proceed under the direct method of proof is usually a "smoking gun" remark by a supervisor or some overt act of discrimination); *Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000)(stating that under the direct method of proof a plaintiff generally must point to overt "smoking gun remarks indicating intentional discrimination. . . ."). A plaintiff cannot proceed under the direct method based on comments made long before the alleged adverse employment action or on comments "made by individuals who had no involvement or influence over the decision making process that led to" the adverse employment action. *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1066 (7th Cir. 2003). Yates has not pointed to sufficient evidence to proceed under the direct method of proof. She has not pointed to any direct statements by County

5

employees indicating that they were acting against her because of her race and has not pointed to sufficient evidence that would allow an inference of unlawful discrimination under the direct method of proof.

### B. Indirect Method of Proof

Under the indirect approach the plaintiff must establish a *prima facie* case which will allow for an inference of discrimination. *Pafford*, 148 F.3d at 665. To establish a *prima facie* case of race discrimination a plaintiff must show: "(1) that she was a member of a protected class; (2) that she was performing her job satisfactorily; (3) that she experienced an adverse employment action; and (4) that similarly situated individuals were treated more favorably." *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002). The County argues that Yates cannot show that she was performing her job satisfactorily and argues that Yates has not pointed to a similarly situated employee that was treated more favorably.

### 1. Job Performance

The County argues that no reasonable trier of fact could conclude that Yates was performing her job satisfactorily during the period in question. We agree based upon a review of the entire record and based upon admissions made by Yates pursuant to Local Rule 56.1. Pursuant to Local Rule 56.1, when a party files a motion for summary judgment each party must prepare a statement of material facts and each party is required to respond to the opposing party's statement of material

6

facts and either admit or deny each fact. A denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence. *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000)(stating in addition that "[t]he purpose of the 56.1 statement is to identify for the Court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument."). Pursuant to Rule 56.1 any facts included in a party's statement of facts that are not properly denied by the opposing party are deemed to be admitted. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1. *See also Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D.Ill. 2003)(indicating that evasive denials that do not directly oppose an assertion are improper and thus the contested fact is deemed to be admitted pursuant to Local Rule 56.1). A court is not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994)(stating in addition that a local rule pertaining to summary judgment "is more than a technicality"). Further, the Seventh Circuit has held "that a district court is entitled to expect strict compliance with Rule 56.1." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating in addition that "[s]ubstantial compliance is not strict compliance."). We shall provide some examples of Yates' 56.1 admissions. Yates admits pursuant to Local Rule 56.1 that when she was given her Employee

7

Performance Report on December 6, 2001, that she refused to sign the report and refused to acknowledge that Dr. Smith was her supervisor. ( R SF 22-23). Yates admits that on December 21, 2001, she met with Mr. Block and that "[d]uring that meeting, "Plaintiff was insubordinate to Mr. Block." Yates' response to this assertion is "Objection. Irrelevant." ( R SF 24). However, Yates failed to provide any citation to evidence to support her denial and the fact that she was insubordinate is not irrelevant as to the issue of whether she was performing her job satisfactorily. Yates also admits that she sent a letter to Dr. Lumpkin in January of 2000 and admits that she "was not authorized by any of her supervisors to use official CCDPH letterhead to correspond with Dr. Lumpkin. . . . ." ( R SF 29). Yates attempts to provide an evasive response to the asserted fact, arguing that she was never told that she could not do so, but, even if her objection was not evasive, she has failed to cite to a portion of the evidence that would support her denial. ( R SF 29). Yates admits that in January of 2002, she was charged with insubordination and that the charges were sustained and she was given a written reprimand. Yates' only response to the above facts is "Objection," but Yates failed to provide any explanation for her objections or citations to evidence that would support her objections. ( SF 32-33). Therefore, based upon the 56.1 admissions and upon a review of the record, we find that no reasonable trier of fact could conclude that Yates was performing her job satisfactorily at the time in question.

### 2. Similarly Situated Employee

The County argues that Yates has failed to show that a similarly situated employee outside the protected class that was treated more favorably. An employee is similarly situated if the employee "is one who is 'directly comparable to [the plaintiff] in all material respects.'" *Rogers v. City of Chicago*, 320 F.3d 748, 755 (7th Cir. 2003)(quoting *Grayson v. O'Neill*, 308 F.3d 808, 819 (7th Cir. 2002)). Yates has failed to show that a similarly situated employee that was similar in aspects such as position, qualifications, and supervisor was treated more favorably. In Yates' answer to the instant motion she fails to respond at all to the County's argument that she has not met the similarly situated employee requirement. We thus conclude that there is insufficient evidence to support the similarly situated employee requirement.

### 3. Legitimate Reason and Pretext

Even if Yates could establish a *prima facie* case, she has not pointed to sufficient evidence that shows that the given reason by the County for its actions was a pretext. If a *prima facie* case is established by a plaintiff, then there is a rebuttable presumption of discrimination and the employer is required to offer a "legitimate, non-discriminatory reason for the adverse employment action." *Cianci v. Pettibone Corp.*, 152 F.3d 723, 726 (7th Cir. 1998). If the employer provides such a reason, the plaintiff must then show that the reason alleged by the employer is merely a pretext for discrimination. *Id.* The County has indicated that it terminated Yates' employment because she was insubordinate and violated other work rules. Such a

9

reason is a legitimate non-discriminatory reason for her termination. Yates has utterly failed to point to evidence that shows that the County's reason was a pretext for unlawful discrimination because of Yates' race. Yates' makes an unsubstantiated allegation in her answer to the instant motion that at a celebration for work she was not allowed to hand out gifts, while white co-workers were allowed to hand out gifts. Such evidence, even accepting her affidavit as being accurate is insufficient to show pretext. Yates has not pointed to sufficient evidence to warrant this action proceeding onward to trial. The trier of fact must have evidence upon which it can find in Yates' favor and Yates is not entitled to present her case to the trier of fact and ask the trier of fact to merely speculate in her favor based solely on her pleadings.

## II. Other Claims

We note that, although Yates presents arguments in her answer to the instant motion to support Section 1981 and Section 1983 claims, as indicated above the claims were previously dismissed by this court. In addition, we previously found that claims based on occurrences involving alleged misconduct prior to the 300 day statute of limitations period were barred. We note that although Yates presents arguments pertaining to such claims in her answer to the instant motion, we have already ruled that such claims are time-barred.

We also note that, although it was not clear from Yates' amended complaint that she is bringing a hostile work environment claim, in Yates' answer to the instant

10

motion she makes a reference to a "hostile environment at work." (Ans. 13). Under Title VII an employer is prohibited from maintaining a workplace that is permeated with "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)(quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65-67 (1986)). Factors considered in determining whether there is a hostile work environment include: 1) the "frequency of discriminatory conduct," 2) "its severity," 3) whether conduct is "physically threatening or humiliating" or merely offensive, 4) whether conduct "unreasonably interferes with [the plaintiff's] work performance," and 5) the "social context in which events occurred." *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 463 (7th Cir. 2002). Yates has failed to show that there was a hostile work environment. Her unsubstantiated allegations that Smith broke her chair at work and took items from her desk are time-barred claims and are insufficient regardless to support a hostile work environment claim. Neither has Yates pointed to any other evidence that would be sufficient for a hostile work environment claim. Therefore, to the extent that Yates sought to bring a hostile work environment claim, we grant summary judgment on that claim as well.

## CONCLUSION

Based upon the foregoing analysis, we grant the County's motion for

summary judgment in its entirety.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Samuel Der-Yeghiayan
　　　　　　　　　　　　　　　　　　United States District Court Judge

Dated:　December 8, 2004